**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**Robert W. Lilly, Jr,**
**Claimant Below, Petitioner**

**vs.)  No. 21-0814** (BOR Appeal No. 2056561)
  (Claim No. 2020008790)

**Raleigh County Board of Education,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Robert W. Lilly Jr., by counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The Raleigh County Board of Education, by counsel Lisa Warner Hunter, filed a timely response.

The issue on appeal is the amount of permanent partial disability in the claim. The claims administrator granted a 4% permanent partial disability award on March 3, 2020. On March 29, 2021, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated September 17, 2021, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue

in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record. . ..

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Progress Notes from Matthew Nelson, M.D., dated May 10, 2019, show that Mr. Lilly was assessed with spinal enthesopathy of the cervical region and left carpal tunnel syndrome. He was referred to neurology because Dr. Nelson was concerned about the possibility of Parkinson's disease, and a cervical trigger point injection was administered. An MRI of the cervical spine dated May 27, 2019, revealed a small central and left paracentral disc protrusion at C5-6. A small paracentral disc protrusion was also found at C6-7. On June 4, 2019, Mr. Lilly reported for a re-evaluation of his neck with discomfort and uncontrolled movement in his upper extremities.

Mr. Lilly completed an Employees' and Physicians' Report of Occupational Injury or Disease form on September 12, 2019, alleging an injury occurring on July 24, 2019. At the time of the alleged injury, Mr. Lilly was employed as a bus driver/summer painter for the Raleigh County Board of Education. He reported that he injured his neck when a toilet exploded and blew him against the wall causing his neck to hit the wall while he was performing painting/maintenance duties in a bathroom. MedExpress Urgent Care diagnosed Mr. Lilly with an occupational injury to his cervical spine. The claim was held compensable for cervical strain by the claims administrator on September 16, 2019.

An MRI report of Mr. Lilly's cervical spine from Raleigh General Hospital dated September 19, 2019, revealed:

> [r]ight foraminal disc protrusion and marginal spurring at C3-4 resulting in mild right foraminal narrowing; central disc protrusion and marginal spurring at C4-5 resulting in moderate bilateral foraminal narrowing; marginal spurring at C5-6 resulting in moderate right foraminal narrowing; and central disc protrusion at C6-7 resulting in moderate to severe right and moderate left foraminal narrowing.

The claims administrator issued an Order dated October 3, 2019, accepting the claim for a cervical strain. Mr. Lilly was granted temporary total disability benefits beginning September 23, 2019.

Mr. Lilly was evaluated by Joseph Grady, M.D., on February 10, 2020. In his Independent Medical Evaluation report, Dr. Grady noted that Mr. Lilly reported that he was doing maintenance work and flushed the toilet in a bathroom. Due to a buildup of water pressure, he was knocked into

a wall. The neurologic examination was normal. Dr. Grady found Mr. Lilly to be at maximum medical improvement with no further treatment needed for the compensable injury. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Grady did not find ratable impairment for the cervical strain. Dr. Grady opined 8% whole person impairment for abnormal motion. Mr. Lilly was classified in Cervical Category II of Table 85-20-E, and no adjustment was necessary. In light of preexisting degenerative changes, Dr. Grady apportioned half of the overall rating, leaving 4% impairment for the cervical strain in the claim.

In an Independent Medical Evaluation report dated May 19, 2020, Michael Kominsky, D.C., determined that Mr. Lilly had reached maximum medical improvement for the July 24, 2019, work injury. Dr. Kominsky noted that an MRI on May 27, 2019, before the injury, did reveal a C5-C6 disc protrusion, but another MRI showed a new disc protrusion at C4-C5. The C4-C5 disc protrusion was not present before the July 24, 2019, injury. Thus, Dr. Kominsky reasoned that the C4-C5 protrusion was related to the compensable injury. The assessment was chronic cervical contusion, chronic cervical sprain/strain, cervical radiculitis, preexisting cervical disc protrusion at C5-C6, and cervical disc protrusion at C4-C5 with neuroforaminal compression. Using the Range of Motion Model of the AMA *Guides*, Dr. Kominsky opined that Mr. Lilly would qualify for Category IIB, which would equal 4% whole person impairment. Dr. Kominsky also found 7% whole person impairment for abnormal motion. Combining the two ratings, it was opined that Mr. Lilly has 11% whole person impairment. Dr. Kominsky did not apportion because he felt that all of the impairment was due to the work-related injury.

An Addendum Report of Dr. Grady, dated August 27, 2020, noted that he had previously rated Mr. Lilly with 4% whole person impairment due to the compensable injury. After reviewing his records, Dr. Grady was still of the belief that some level of apportionment was necessary in the claim. He stood by his recommendation of 4% due to the compensable injury.

In a Final Decision dated March 29, 2021, the Office of Judges affirmed the 4% permanent partial disability award granted by the claims administrator on March 3, 2020. The Office of Judges found that the MRI report dated May 27, 2019, showed a small central and left paracentral disc protrusion at C5-C6 and a small paracentral disc protrusion at C6-7. Mr. Lilly has a history of neck pain and numbness in his arm and received cervical injections prior to the date of injury. Based upon a prior history of pain and injections, the Office of Judges reasoned that Dr. Grady's findings, as to whole person impairment, have greater evidentiary weight than those of Dr. Kominsky's. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision in an Order dated September 17, 2021.

After review, we agree with the reasoning of the Office of Judges as affirmed by the Board of Review. The pre-injury medical records indicate that Mr. Lilly was treated for neck pain with left arm pain and numbness several weeks prior to the date of injury in this claim. He also received trigger point cervical injections for his discomfort in his neck that radiated into his hand. Dr. Nelson also assessed Mr. Lilly with spinal enthesopathy of the cervical region and left carpal tunnel syndrome. Because Dr. Kominsky refused to apportion any impairment due to noncompensable conditions, despite the clear evidence of such conditions, the Office of Judges did not err in

determining that the only reliable impairment rating is from Dr. Grady, who opined 4% whole person impairment. The Board of Review correctly affirmed the 4% permanent partial disability award in the claim.

Affirmed.

**ISSUED: May 2, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn